| WILLIAM CAMPBELL | * | NO. 2023-CA-0731 |
|---|---|---|
| VERSUS | * | COURT OF APPEAL |
| ORIENT-EXPRESS HOTELS LOUISIANA, INC., WINDSOR COURT HOTEL INC. OF DELAWARE, WINDSOR COURT HOTEL, L.L.C., WINDSOR COURT HOTEL LIMITED PARTNERSHIP, WINDSOR COURT MANAGEMENT LOUISIANA, INC., ABC SECURITY COMPANY, AND XYZ INSURANCE COMPANY | * * * * * * * * * * * * | FOURTH CIRCUIT STATE OF LOUISIANA |

*TGC*

**CHASE, J., CONCURS AND ASSIGNS REASONS**

I agree with the decision to reverse the trial court's judgment granting of summary judgment, but write separately to highlight what I believe is the central issue in this case.

In my view, the central issue requires a resolution of whether the actions by Mr. Campbell negates the Windsor Court's duty. Specifically, I would frame the issue as whether the foreseeability of harm, under the facts presented in this case, is within the course and scope of the Windsor Court's duty as an innkeeper. The majority opinion correctly points out the legal framework of a duty-risk analysis applicable to negligence claims. However, liability of a business owner requires additional analysis. As general rule, "businesses do not have a duty to protect their customers from the criminal activities of third parties*." Dearmon v. St. Ann Lodging, L.L.C.*, 2108-0994, p. 4 (La.App. 4 Cir. 3/27/19), 267 So.3d 639 (citing *Posecai v. Wal-Mart Stores, Inc.*, 1999-1222 (La. 11/30/99), 752 So.2d 762. Nonetheless, this Court has determined an innkeeper has a duty to take reasonable precautions against criminals. *Id*. (citations omitted).

1

"[W]hen the question presented is whether a stated duty will be extended to support liability for a particular circumstance, analysis of the defendant's conduct should be in terms of the scope of duty." *Doe v. Mckesson*, 2021-00929, p. 15 (La. 3/25/22), 339 So.3d 524, 541 (citation omitted) (Crain, J., concurring in part). This is a fact specific inquiry which requires determining whether the plaintiff should recover from the defendant for the particular damages that arose in the particular manner. *Id.* (citation omitted) "The scope of duty presents a mixed question of fact and law." *Id.* (citation omitted). This is not a policy question, but rather a "matter of common sense, justice, and fairness." *Id.* (citation omitted). In order to determine the scope of duty a business owes its customers to protect from the criminal acts of a third party, this Court must weigh the following:

> [t]he foreseeability of the crime risk on the defendant's property and the gravity of the risk determine the existence and the extent of the defendant's duty.

*Posecai*, 1999-1222, p. 8, 752 So.2d at 768. A greater duty of care is imposed on a business if the foreseeability and gravity of the harm is greater. *Id.* "[F]orseeability and gravity of the harm are to be determined by the facts and circumstances of the case." *Id.*, 1999-1222, p. 9, 752 So.2d at 768. The essential factors to be considered are the existence or frequency of similar prior incidents and the location, nature, and condition of the property at which the incident occurred. *Id.*; *see also Dearmon*, 2018-0994, p. 4, 267 So.3d at 641.

A review of the video footage of the incident indicates that a vehicle entered the courtyard around 2:00 a.m. on December 25, 2008. Less than a minute later, Mr. Campbell enters the courtyard of the Windsor Court and upon entering, he turns to the vehicle and is seen conversing with the occupants inside vehicle. During this time, Mr. Campbell exhibits no signs of duress. The exchange lasts for nearly two minutes and Mr. Campbell is observed removing items from his pockets, presenting it to the occupants of the vehicle. Mr. Campbell's actions are

2

clearly germane to the element of foreseeability of the Windsor Court. It is a high burden to place on an innkeeper to protect patrons from each and every act, especially those acts occasioned by the patron. Nonetheless, I find Mr. Campbell's expert testimony created sufficient genuine issues of material fact as to whether the criminal activity is within the scope of the Windsor Court's duty as an innkeeper.